Matter of First NY LLC v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 05269)

Matter of First NY LLC v New York State Div. of Hous. & Community Renewal

2022 NY Slip Op 05269

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Friedman, Scarpulla, Mendez, JJ. 

Index No. 155909/21 Appeal No. 16288 Case No. 2022-00687 

[*1]In the Matter of First NY LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, et al., Respondents-Respondents.

Cyrulnik Fattaruso LLP, New York (Jason Cyrulnik of counsel), for appellant.
Mark F. Palomino, New York (Sandra A. Joseph of counsel), for New York State Division of Housing and Community Renewal, respondent.
Law Offices of Fred L. Seeman, New York (Peter Kirwin of counsel), for Greg Marshall, respondent.

Judgment, Supreme Court, New York County (Carol Edmead, J.), entered on or about November 9, 2021, denying petitioner building owner's petition to annul a determination of a petition for administrative review (PAR) of respondent New York State Division of Housing and Community Renewal (DHCR), dated April 22, 2021, which affirmed an order of the DHCR Rent Administrator (RA), dated September 10, 2020, which denied the "Owner's Application for an Order Granting Approval to Refuse Renewal of Lease and/or to Proceed for Eviction" based upon petitioner's proposal to demolish the subject building, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, and the petition granted.
The Rent Stabilization Law authorizes the Rent Stabilization Code to permit an owner to refuse to renew a lease "where [the owner] intends in good faith to demolish the building and has obtained a permit therefor from the department of buildings" (Administrative Code of City of NY § 26-511[c][9][a]). Consistent with that provision, Rent Stabilization Code (9 NYCRR) § 2524.5(a)(2)(i) permits an "owner seek[ing] to demolish the building" to refuse to renew a lease upon submitting to DHCR "proof of its financial ability to complete such undertaking. . .and plans for the undertaking have been approved by the appropriate city agency."
In the case at bar, respondent Greg Marshall is the sole remaining tenant in a building, owned by petitioner, which petitioner plans to demolish. The record establishes that petitioner has demonstrated its intention to demolish the building by submitting to DHCR detailed demolition plans, contracts, proof of segregated funds, and the regulatory approval of the New York City Department of Buildings. Nonetheless, DHCR denied petitioner's application for permission to decline to renew Marshall's lease on the stated ground that petitioner "fail[ed] to provide approved post -demolition planning for the site and segregation of the funding for same" (emphasis added). Petitioner then brought this article 78 proceeding to annul DHCR's determination. Supreme Court denied the petition. On petitioner's appeal, we reverse.
DHCR's denial of the application was an error of law and was arbitrary and capricious (see CPLR 7803[3]). On this record, DHCR had no rational basis for concluding that petitioner failed to establish "good faith" in seeking not to renew the tenant's lease for purposes of demolition, given petitioner's documentation of its plans, contracts, financing, and approvals for the contemplated demolition. Petitioner's failure to submit similar documentation of its plans for the property after the demolition of the presently existing building does not logically negate petitioner's proof of its demolition plans.
Moreover, more than 20 years ago, an amendment to the Rent Stabilization Code specifically deleted the very requirement that DHCR imposed on petitioner here. Prior to the amendment, former [*2]Rent Stabilization Code § 2524.5(a)(2) required an owner intending to demolish its building to demonstrate that it "has obtained approved plans for the new building or the DHCR has determined that plans have been submitted to the city agency having jurisdiction over the demolition and new construction," and to prove further "that all necessary funding for the proposed construction has been secured" (emphasis added).In 2000, DHCR amended section 2524.5 to remove all reference to new building or construction plans. As noted above, the current provision requires an owner intending to demolish the building to prove only its financial ability to complete the demolition and regulatory approval therefor.[FN1] Accordingly, DHCR erred in
demanding proof of post-demolition plans for the site and funds segregated to finance such plans.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: September 27, 2022

Footnotes

Footnote 1: In relevant part, section 2524.5 provides:
"(a) The owner shall not be required to offer a renewal lease to a tenant . . . upon any of the following grounds: . . .
"(2) Demolition.
"(i) The owner seeks to demolish the building. Until the owner has submitted proof of its financial ability to complete such an undertaking to the DHCR, and plans for the undertaking have been approved by the appropriate city agency, an order approving such application shall not be issued."